UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amy Doescher, et al., | No. 2:23-cv-02995-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Tomás Aragón, et al. | |
| Defendants. | |

This action concerns a 2015 change to California's mandatory school vaccination laws, commonly known as Senate Bill (SB) 277. *See generally* First Am. Compl., ECF No. 18. California law generally requires all children attending schools to be "fully immunized" against several specifically listed diseases. *See* Cal. Health & Safety Code § 120334. Before SB 277 was passed in 2015, the law made an exemption for those with personal beliefs against vaccination, including religious beliefs. *See* First Am. Compl. ¶¶ 2, 48.

The plaintiffs in this action are three couples who each are the parents of school-aged children. *See id.* ¶¶ 10–42. The complaint does not identify plaintiffs' children as parties, although the caption of their complaint does say they are suing on behalf of their minor children. *See id.* at 1. According to the complaint, each plaintiff parent has arrived at a firm religious conviction not to vaccinate their minor children. *See id.* ¶¶ 20, 33, 39. They allege the state's vaccination law, as amended by SB 277, deprives them of their rights to freely exercise their

1

religion under the First Amendment to the U.S. Constitution. *See id.* ¶¶ 84–121. They seek injunctive and declaratory relief. *See id.* ¶¶ 122–31; *see also id.* at 23 (prayer for relief).

The defendants are the Director of the California Department of Public Health and the Attorney General of California, sued in their official capacities. *See id.* ¶¶ 43–44. They have moved to dismiss for lack of jurisdiction and for failure to state a claim. *See generally* Mot. Dismiss, ECF No. 21. Plaintiffs oppose the motion, and a hearing is set for September 13, 2024. *See generally* Opp'n, ECF No. 22. Among other arguments, defendants challenge plaintiffs' constitutional standing. *See* Mot. Dismiss at 8. They contend the complaint does not allege how plaintiffs themselves have suffered harms as a result of SB 277, as opposed to their children. *See id.* Defendants also contend the complaint identifies no harms that have befallen the plaintiffs' children, citing the complaint's allegations that plaintiffs' children are currently attending independent study and charter schools under exemptions to the vaccination requirement. *See id.* Plaintiffs do not respond to these arguments directly in their opposition brief, but they do contend their complaint adequately identifies their "unwavering sincere religious beliefs," which "prohibit them from vaccinating themselves or their children," as well as their allegation that their "commitment has come at a considerable cost." Opp'n at 3–5, 6–8 (quoting First Am. Compl. ¶ 4).

Standing is a "bedrock constitutional requirement." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024) (quoting *United States v. Texas*, 599 U.S. 670, 675 (2023)). To tablish standing, plaintiffs "must demonstrate (i) that [they have] suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant[s], and (iii) that the injury likely would be redressed by the requested judicial relief." *Id.* at 380. The alleged injury must be "particularized" in the sense that it affects "'the plaintiff in a personal and individual way' and not be a generalized grievance." *Id.* at 381 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). And when a plaintiff seeks prospective relief, as plaintiffs do in this case, they must demonstrate the injury they fear is "imminent" and "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (citations and emphasis omitted).

Plaintiffs' theory of injury is currently unclear. It is first unclear whether plaintiffs intend for only themselves—or also for their minor children—to be the parties in this action. It is also unclear whether plaintiffs allege the law inflicts an injury on themselves only or also on their minor children. Their theory of injury is also unclear. They do not allege the state's law is currently preventing them from exercising their religious beliefs about vaccinations; they allege they are in fact refraining from vaccination, as their convictions dictate. They do not allege they have attempted to enroll their children in any particular school or would enroll their children in a particular school if the state's vaccination laws were no barrier. It is unclear whether they allege the lack of school choice is itself an injury and if so, why and to whom. Nor do they allege their children are currently at a disadvantage to their peers who attend different schools and why, nor that any state or local authority has threatened prosecution or some other enforcement action.

This court has an independent obligation to ensure it has jurisdiction over this dispute before it considers the merits of plaintiffs' claims and defendants' motion. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Plaintiffs are therefore directed to be prepared to discuss and answer questions about their jurisdictional allegations and constitutional standing at the hearing on September 13, 2024, which remains on calendar.

IT IS SO ORDERED.

DATED: September 4, 2024.

CHIEF UNITED STATES DISTRICT JUDGE