UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amy Doescher, et al., | No. 2:23-cv-02995-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Tomás Aragón, et al. | |
| Defendants. | |

The plaintiffs in this action are the parents of several school-aged children. Vaccination is contrary to the parents' religious convictions. They contend California law violates the First Amendment by requiring their children to show proof of immunization before attending school. The defendants—the state Attorney General and the Director of the California Department of Public Health—move to dismiss for lack of jurisdiction and for failure to state a claim. As explained in this order, the complaint does not include allegations to show the parents have standing. This court also lacks jurisdiction over the claims against the Attorney General, so the court **dismisses the complaint with leave to amend in part**, as explained further below.

**I.    BACKGROUND**

For many years, California law has required children to be vaccinated before they attend school or daycare. *See* Req. J. Not. Exs. 2–9, ECF No. 21-2. Before 2015, the law made an exception to that requirement for personal beliefs, including religious beliefs. *See, e.g.*, Cal.

1

1    Health Code § 3384 (1961); 1999 Cal. Stat. Ch. 747 § 1.  In 2015, the state legislature introduced

2    and eventually passed a bill, Senate Bill 277, which removed that exception.  *See* 2015 Cal. Stat.

3    Ch. 35; *Brown v. Smith*, 24 Cal. App. 5th 1135, 1139 (2018).

4          The plaintiffs in this action—Amy and Steve Doescher, Danielle and Kamron Jones, and

5    Renee and Sean Patterson—challenge the state's immunization requirements.  They contend that

6    without an exception for religious beliefs, the state's law effectively prohibits the free exercise of

7    religion in violation of the First Amendment.  They are all parents of one or more school-aged

8    children.  *See* First Am. Compl. ¶¶ 11, 24, 36.  Each has prayed and consulted the Bible and has

9    come to the conclusion they cannot vaccinate their children without violating their firmly held

10   religious convictions.  *See id.* ¶¶ 20, 33, 39.  They filed this action because they wish for their

11   children to attend school without being vaccinated.  *See id.* ¶¶ 21, 34, 41.  The Doeschers have a

12   sixteen-year-old child who attends "a charter school under independent study guidelines," *id.*

13   ¶ 12, and the Joneses homeschool their children, *id.* ¶ 26.  The Pattersons do not specify where

14   their children attend school.  *See id.* ¶¶ 35–42.  They do allege, however, that they "have been

15   disheartened by watching their kids be excluded from the schools that are funded by their tax

16   dollars."  *Id.* ¶ 42.  "Their children have lost friendships, been spoken to inappropriately, and

17   treated unfairly."  *Id.*

18         The plaintiffs' complaint names two defendants, the Director of the California Department

19   of Public Health and the Attorney General, in their official capacities only.  *Id.* ¶¶ 43–44.  The

20   complaint includes one claim against both defendants under 42 U.S.C. § 1983 for violation of the

21   First Amendment's Free Exercise Clause.  *See id.* ¶¶ 84–121.  Defendants move to dismiss for

22   lack of standing and for failure to state a claim.  *See generally* Mot., ECF No. 21.  The Attorney

23   General also moves to dismiss the claims against him under the Eleventh Amendment.  Plaintiffs

24   oppose the motion, *see generally* Opp'n, ECF No. 22, and briefing is complete, *see generally*

25   Reply, ECF No. 25.

26         After initially reviewing the complaint and the parties' briefs, the court instructed the

27   parties to be prepared to discuss and answer questions about plaintiffs' standing at hearing.  *See*

28   Order (Sept. 5, 2024), ECF No. 27.  The court held a hearing on September 13, 2024, heard from

the parties and then took the matter under submission. Jonathon Nicol appeared for plaintiffs, and Emmanuelle Soichet appeared for defendants.

## II. ELEVENTH AMENDMENT

The Eleventh Amendment limits the "Judicial power of the United States" by barring federal lawsuits against states. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). In a case like this one, which involves claims against neither a state nor its agencies, but rather against the state's officials themselves, the jurisdictional question is somewhat "less straightforward." *Id.*

The Supreme Court has long permitted "certain suits for declaratory or injunctive relief against state officers" to ensure the Constitution remains "the supreme law of the land." *Alden v. Maine*, 527 U.S. 706, 747 (1999). Under the Court's 1908 decision in *Ex Parte Young*, a plaintiff may pursue a claim for an injunction or for declaratory relief against state officers, but only if the officer has "some connection with the enforcement" of the challenged law. 209 U.S. 123, 157 (1908); *see also Edelman v. Jordan*, 415 U.S. 651, 664–68 (1974). That connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (quoting *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)).

In this case, the complaint alleges the Attorney General "is the state's chief legal officer and is responsible for enforcing, and does enforce, the mandatory immunization requirements of SB 277 for school-aged children." First Am. Compl. ¶ 44. But the complaint cites no statutory or regulatory provision granting the Attorney General that authority. Nor have plaintiffs identified any case in which the Attorney General or someone under his supervision has enforced the state's school vaccination rules. In fact, at least one California federal district court has decided the Attorney General is immune to constitutional challenges to SB 277 and the state's vaccination requirements. *See Torrey-Love v. State of California Dep't of Educ.*, No. 16-2410, 2017 WL 11636240, at *3 (C.D. Cal. Jan. 12, 2017); *cf. Middleton v. Pan*, No. 16-5224, 2017 WL 7053936, at *4 (C.D. Cal. Dec. 17, 2017) (dismissing constitutional challenge to SB 277 against California Governor "because his only connection to SB 277 is his general duty to enforce California law").

For his part, the Attorney General affirmatively disclaims any authority to enforce the immunization rules in his legal memorandum. *See* Mot. at 7. He points out that the state's Health and Safety Code actually grants the state's departments of Public Health and Education authority, not him, to "adopt and enforce all regulations necessary to carry out" the immunization rules. *Id.* (quoting Cal. Health & Safety Code § 120330). Other provisions in state law grant enforcement authority to local school districts and the state's Medical Board. *See id.* (citing Cal. Health & Safety Code §§ 120340, 120372(d)).

Plaintiffs have the burden as the parties "invoking federal jurisdiction" to make allegations showing this court has jurisdiction over their claims against the Attorney General. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). They have not done so. "A general duty to enforce California law is plainly insufficient to invoke the *Ex parte Young* exception to Eleventh Amendment immunity." *Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1018 (N.D. Cal. 2015) (citation and quotation marks omitted). Plaintiffs' claims against the Attorney General are dismissed without prejudice to reasserting them in state court. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend."); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (directing dismissal without prejudice to refiling "in a court of competent jurisdiction" to enforce Eleventh Amendment).

### III.   STANDING

The remaining defendant—the director of the state's Department of Public Health—does not dispute his connection to enforcement of the state's vaccination rules. He contests the court's jurisdiction for a different reason. His reading of the complaint is that it includes no allegations supporting the plaintiffs' standing.

Standing is a "bedrock constitutional requirement." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024) (quoting *United States v. Texas*, 599 U.S. 670, 675 (2023)). To establish standing, plaintiffs "must demonstrate (i) that [they have] suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Id.* at 380. The alleged injury must be "particularized" in the sense that it affects "'the plaintiff in a

personal and individual way' and not be a generalized grievance." *Id.* at 381 (quoting *Lujan*, 504 U.S. at 560 n.1). When a plaintiff seeks prospective relief, as plaintiffs do in this case, they must demonstrate the injury they fear is "imminent" and "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations and emphasis omitted).

Here, the plaintiffs' theory of harm is murky. They do not allege they have been or will soon be forced to vaccinate their children in violation of their religious convictions; they allege they have not done so. Nor do they allege their children are attending a school where vaccinations are mandatory, that they fear enforcement, that anyone has threatened enforcement, or that they will soon be forced to change where their children attend school. Nor is it clear whether the three families believe their children are receiving an inferior education or are otherwise missing out. It seems instead the three families have found adequate arrangements that permit the parents to abide by their religious convictions.

The three families do allege they "wish for" their children to attend a school "free from religious discrimination." First Am. Compl. ¶¶ 21, 34, 41. In context, this allegation implies they wish their children could receive an education in a classroom setting if they so choose. But they do not allege they would in fact enroll their children in a different school if it were not for the state's vaccination laws.

The Pattersons also allege they have been "disheartened by watching their kids be excluded from the schools that are funded by their tax dollars." *Id.* ¶ 42. Plaintiffs cannot show they have standing by citing a generalized disagreement with a government policy and the "psychological consequence" of observing "conduct with which one disagrees." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485–86 (1982). "[A]ssertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently, cannot alone satisfy the requirements of Art. III without draining those requirements of meaning." *Id.* at 483.

The Pattersons allege in addition that their children have "been spoken to inappropriately" and "treated unfairly." *Id.* ¶ 42. They do not specify, however, what was said or by whom; who treated their children unfairly and why; or how the inappropriate words or unfair treatment were

connected to the state's vaccination laws. They allege with similar generality that their children have "lost friendships." *Id.* It is unclear why a child's loss of a friendship, as pled here, is an injury to a parent rather than the child. The Patterson's allegations raise only the possibility that this loss was attributable to the state. They must demonstrate their standing "in the same way as any other matter on which [they bear] the burden of proof." *Lujan*, 504 U.S. at 561. At this stage, possibilities alone do not suffice. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As noted above, the court let the parties know before hearing of the questions it had, summarizing the uncertainties reflected in the pleadings and instructing plaintiffs to be prepared to discuss and answer questions about their standing. At hearing, plaintiffs' counsel explained some of the plaintiff parents have spent time and money homeschooling their children and have suffered other similar types of harms. These allegations, however, are not in their pleadings.

In sum, the complaint does not include allegations showing the state's vaccination laws have caused the six plaintiff parents concrete harm or will imminently cause them concrete harm. Nor does the complaint show the relief plaintiffs seek would redress those harms. For these reasons, the court cannot infer it has jurisdiction over the claims against the director of the state's Department of Public Health. These shortfalls might be cured in a further amended complaint. The claims against the director thus are dismissed, but with leave to amend.

**IV.   CONCLUSION**

For the reasons above, the court **dismisses** the claims against defendant Bonta **without prejudice to refiling in a court with jurisdiction**. The court otherwise **grants** the motion to dismiss **with leave to amend**. Any amended complaint must be filed **within twenty-one days**. This order resolves ECF No. 12.

IT IS SO ORDERED.

DATED: November 15, 2024.

SENIOR UNITED STATES DISTRICT JUDGE