UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amy Doescher, et al., | No. 2:23-cv-02995-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Tomás Aragón, | |
| Defendant. | |

In this action, the parents of several school-aged children allege California's immunization laws deprive them of their rights under the First Amendment because they cannot vaccinate their children without violating their religious convictions. *See generally* Second Am. Compl., ECF No. 35. Defendant moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim, under Rules 12(b)(1) and 12(b)(6), respectively. *See generally* Mot., ECF No. 38.

In a different action currently pending in the United States District Court for the Southern District of California, the plaintiffs advance very similar claims based on similar allegations, they challenge the same state law, and they are proceeding against the same defendant. *See generally* Am. Compl., *Royce v. Aragón*, Case No. 3:23-cv-02012-H-BLM (S.D. Cal. Dec. 20, 2024), ECF No. 48. Defendant Aragón also moves to dismiss for failure to state a claim in the *Royce* action, and his arguments in that motion are similar to those he advances in this action.

1

This case was originally filed on December 22, 2023. *See generally* Compl., ECF No. 1. The *Royce* action was filed a few weeks earlier, on October 31, 2023. *See generally* Compl., Case No. 23-2012 (S.D. Cal. Oct. 31, 2023), ECF No. 1. The Southern District court took the pending motion in *Royce* under submission after hearing oral arguments on March 10, 2025. *See* Mins., ECF No. 58. This court has scheduled arguments on defendant's motion to dismiss in this action for April 17, 2025. *See* Mins., ECF No. 41.

Defendant previously stated his position in a notice of related cases that "[j]udicial economy would not be served by consolidation of the two cases *at the present time*." Not. Related Case at 2, ECF No. 15 (emphasis in original). In response, this court did not relate the cases because the relevant Local Rule "concerns the relation of actions filed within this district, not the transfer or reassignment of cases from one district to the next." Order (Apr. 3, 2024), ECF No. 17. Since then, the parties appear not to have addressed whether they believe this court can or should stay this action under the first-to-file rule, *see Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239–41 (9th Cir. 2015), whether they believe this action can or should be transferred, *see* 28 U.S.C. § 1404(a), nor whether this court should reserve a decision on defendant's motion to dismiss pending the Southern District court's order in *Royce*. The parties are therefore **ordered** to be prepared to discuss those issues at the hearing on April 17, 2025.

IT IS SO ORDERED.

DATED: March 11, 2025.

_____
UNITED STATES DISTRICT JUDGE